## MATA v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
May 17, 1927.

No. 2036.

1. Customs duties ⟨key⟩125—Merchandise must be "imported," so as to be subject to duty, before it can be subject of fraudulent entry by means of false invoices, etc. (Tariff Act 1922, § 591 [Comp. St. § 5841h¹0]).

To constitute the offense of fraudulently entering or introducing, or attempting to enter or introduce, into the commerce of the United States imported merchandise, by means of false invoices, etc., by which the United States may or shall be deprived of its lawful duties thereon, under Tariff Act 1922, § 591 (Comp. St. § 5841h10), the merchandise must have been

"imported," so as to be subject to duty, by arriving at a port of entry, and where the carrying vessel and merchandise were seized while several miles from a port, the statutory offense was not committed.

**2. Customs duties ⊜=14—"Importation" subject to duty must have arrived within port of entry.**

To constitute an "importation," so as to be subject to duty, merchandise must have arrived within some port of entry.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Import—Importation.]

In Error to the District Court of the United States for the District of Porto Rico; Wells, Judge.

Criminal prosecution by the United States against Jose Angel Mata. Judgment of conviction, and defendant brings error. Judgment vacated, verdict set aside, and case remanded, with directions.

Hugh R. Francis, of San Juan, Porto Rico, for plaintiff in error.

Jesus A. Gonzalez, Asst. U. S. Atty., of San Juan, Porto Rico (John L. Gay, U. S. Atty., of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of the federal District Court of Porto Rico sentencing the defendant, Mata, to pay a fine of $1,000 and to imprisonment for a year and six months for violation of section 591 of the Tariff Act of 1922 (Comp. St. § 5841h10). In the indictment it was alleged that Mata and one Alvarez, on or about the 20th day of October, 1925, with intent to defraud the United States of its revenue, did, in said district and within the jurisdiction of said court, attempt to enter and introduce into the commerce of the United States from a foreign port certain merchandise, which was not invoiced and which should have been invoiced, to wit, intoxicating liquors, describing them, "by bringing said liquors into the jurisdiction of the United States, near the shore of the island of Porto Rico, upon a sailing vessel, the schooner Ernestina, a vessel of American registry, containing, in addition to the liquors aforesaid, certain other cargo destined for the port of San Juan, Porto Rico," etc. The jury found Mata guilty and discharged the other defendant.

There are several assignments of error, but at the argument only those were relied upon which present the following questions:

(1) Was there evidence from which the jury could find the defendant guilty of the crime denounced by section 591 of the Tariff Act of 1922, as charged in the indictment? and (2) whether the court erred in permitting the jury, after having returned a sealed verdict, to retire to the jury room, on their coming into court on the following morning, and amend their verdict.

The court instructed the jury that they were confined to the question "whether or not the defendants, or either of them, had violated the provisions of section 591 of the Tariff Act of 1922," and that "in the case at bar there was no importation into the United States of the liquors concerned," but notwithstanding this submitted the case to the jury.

[1] Section 591 of the Tariff Act of 1922 (Comp. St. § 5841h10) reads as follows: "Section 591. *Fraud, Penalty, Personal.* If any consignor, seller, owner, importer, consignee, agent, or other person or persons enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or makes any false statement in any declaration under the provisions of section 485 of this act without reasonable cause to believe the truth of such statement, or aids or procures the making of any such false statement as to any matter material thereto, without reasonable cause to believe the truth of such statement, or is guilty of any willful act or omission by means whereof the United States shall or may be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission, such person or persons shall upon conviction be fined for each offense a sum not exceeding $5,000, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court: Provided, That nothing in this section shall be construed to relieve imported merchandise from forfeiture by reason of such false statement or for any cause elsewhere provided by law."

It is apparent from a reading of this section that the crime there denounced is where one "enters or introduces, or attempts to enter or introduce into the commerce of the United States any *imported* merchandise by

means of any fraudulent or false invoice, etc., or by means of any false statement, etc., or by means of any false or fraudulent practice, etc., * * * by means whereof the United States may or shall be deprived of the lawful duties or any portion thereof, embraced or referred to in such invoice, statement," etc., pertaining to the imported merchandise.

It is also clear that unless the merchandise, which the alleged offender enters or introduces, or attempts to enter or introduce, into the commerce of the United States, is imported merchandise so that the United States may be deprived of its "lawful duties" thereon by reason of the fraudulent or false practices of the person who enters or attempts to enter or introduce such merchandise into the commerce of the United States, the crime denounced by this section will not be committed.

[2] It is well established that the government's right to duty attaches when the merchandise, the subject of duty, arrives within some port of entry with the intention that it shall be unladen there and become a part of the commerce of the country; and that when it so arrives an importation has taken place. McLean v. Hager (C. C.) 31 F. 602, 606; The Schooner Mary, 1 Gallison, 206, Fed. Cas. No. 9183; Harrison v. Vose, 9 How. 372, 381, 13 L. Ed. 179; United States v. Vowell, 5 Cranch, 368, 3 L. Ed. 128; Arnold v. United States, 9 Cranch, 104, 3 L. Ed. 671. In the last case the court said: "To constitute an importation so as to attach the right to duties, it is necessary, not only that there should be an arrival within the limits of the United States and of a collection district, but also within the limits of some port of entry."

It would be a contradiction of terms to say that one could be found guilty of entering or of an attempt to enter into the commerce of the United States *imported* merchandise, by the fraudulent practices denounced in section 591, where no merchandise had been imported, as to the entry of which such practices could be indulged. The mere intention to bring merchandise to a port of entry, and there enter the same by fraudulent practices, if frustrated before the merchandise is brought within the jurisdiction of the country, will not justify a conviction under Section 591. United States v. 2,180 Cases of Champagne (C. C. A.) 9 F. (2d) 710, 713.

Considering the evidence in this case in the light most favorable to the government, the defendants, members of the crew of the Ernestina, were arrested, and the vessel and the merchandise or liquor here in question were seized by the customs officials before coming within the jurisdiction of the country and seven miles or more from the nearest land. This being so, no offense was committed within the meaning of section 591.

Having reached this conclusion it is unnecessary to consider the question as to the verdict.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court, with directions to discharge the defendant.